| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>~~Caption in Compliance with D.N.J. LBR 9004-1(b)~~<br><br>By: Natalee Picillo, Esq.<br><br>Picillo & Picillo, PC<br><br>21 East High Street Somerville, NJ 08876<br><br>9098-252-7001 Fax 908-252-7002<br><br>PicilloPicillo@aol.com<br><br>Attorney for creditor Kenneth Rapach | |
| In Re:<br><br>    ANDREA RAPACH, Debtor | Case No.:   19-16816<br><br>Chapter:   13<br><br>Judge:   Kathryn C. Ferguson |

## NOTICE OF OBJECTION TO CONFIRMATION OF PLAN

Please take notice that creditor Kenneth Rapach object to confirmation on the Debtor's chapter 13 Plan as follows:

1. The court orders of <u>Rapach v. Rapach</u> FM 10-408-13, from the Hunterdon County Superior Court, need to be followed and this bankruptcy not be allowed to circumvent the court orders including but not limited to the process on how to sell the marital properties and how to allocate the proceeds from the sale.

Andrea Rapach has constantly interfered with the enforcement of the Judgment of Divorce. She is now using this bankruptcy to interfere with the rights of Kenneth Rapach in the following ways: (1) to take away his actual distribution of the following martial properties 280 Rocky Run Rd. Glen Gardner, NJ, 282 Rocky Run Rd. Glen Gardner, NJ and 107 Chipmunks Dr. Tafton PA; and (2) taking away his authority to sell the properties as granted by the divorce court.

2. The Amended Dual Judgment of Divorce <u>Rapach v. Rapach</u> FM 10-408-13 needs to be followed and not circumvented by the Chapter 13 Plan. Kenneth Rapach, cannot be foreclosed out of his rights in title and through equitable distribution in the Judgment of Divorce. Amended Dual Judgment of Divorce dated September 7, 2018 attached hereto as Exhibit A (just recently we received confirmation from the court that it may disclosed to the Trustee) clearly shows that the Debtor lies in her petition about the marital properties:

   A. The marital house located 282 Rocky Run Road, Glen Gardner, NJ is titled in joint names and until the Debtor removes Kenneth Rapach's name from the mortgage, Kenneth Rapach still has full rights to the property. The Debtor cannot remove Kenneth Rapach's rights and therefore the house should be sold. This bankruptcy is being used to delay his right to have the house sold.

   B. The Lake property located at 107 Chipmunk Lane, Tafton, Pa is also a joint marital property. A joint marital long term disability payout was used to buy/transfer the property into the Debtor's name alone. As a result, Kenneth Rapach was awarded an equitable interest in the property as a marital asset and the property was specifically to be sold IMMEDIATELY (originally ordered in 2017 and not next April) and sale proceeds placed in escrow and attorneys' fees up to $100,000 to each attorney and debts in a specific order were to be paid from the assets.

    C.    The Land located at 280 Rocky Run Road, Glen Gardner, NJ is title in joint names and not given to the Debtor's name alone. It was to be sold immediately (originally ordered in 2017 and not next April) and sale proceeds placed in escrow and attorney's fees up to $100,000 to each attorney and debts in a specific order to be paid from the assets.

<u>I refer to the following paragraphs in the Amended Dual Judgment of Divorce that need to be enforced under the plan</u>:

    Paragraph 6: Andrea Rapach is to remove Kenneth Rapach's name from the mortgage on the Marital house 282 Rocky Run.

    Paragraph 6: Andrea Rapach must make the payment of the mortgage and real estate tax so as not to affect the credit of Kenneth Rapach

    Paragraph 7, 19 and 20: Sale of the land 280 Rocky Run, payment of attorney fees and money to be held in escrow and payment of divorce attorney fees and marital debts.

    Paragraphs 8, 19 and 20: Sale of the Lake house 107 Chipmunk, proceeds to be held in escrow and fifty percent to Kenneth Rapach after payment of divorce attorney fees and marital debts.

    Paragraph 7: lists debts owed by the Debtor not listed in the Petition including debts owed to Kenneth Rapach and to the children of the marriage (money taken by Andrea Rapach from their bank accounts) and debts to be paid in order.

    Paragraph 19: Payment of the two divorce attorneys FIRST as part of equitable distribution. All money from the sale was to be held in escrow and payments made according to the Judgment of Divorce.

    Paragraph 23: Long Term disability distributed through the other assets.

    3.    Kenneth Rapach is entitled to $100,000 of the sale of marital assets to pay his attorney and he is entitled to the balance of his equity. At the time the lake house was purchased it was in joint names and the debtor was married to Kenneth Rapach. The debtor liquidated a long term policy to which Kenneth Rapach was entitled. As part of equitable distribution of that long term policy Kenneth Rapach was entitled to $100,000 from the lake house to pay his attorney plus other marital debts and his equitable interest. The debtor cannot now interfere with equitable distribution to avoid her obligations and cheat ex-husband Kenneth Rapach from his entitlement in the marital properties and marital assets. The Debtor failed to list Kenneth Rapach as a creditor and Natalee Picillo as a creditor and other credits listed in the Judgment of Divorce all who have interest in the assets owned by Andrea Rapach and Kenneth Rapach under a Judgment in the Superior Court.

    4.    The Realtor Peter Helms of Chant Realty selected by Kenneth Rapach as authorized by the court Order dated September 10, 2018 (redacted but an unredacted copy will be made available), attached hereto as Exhibit B, should be used to sell the property as they have already spent time and money showing the property and found a willing buyer.

    It took multiple court orders to finally get the properties listed. The real estate taxes are past due so the Debtors is not paying timely in violation of the judgment of divorce. She caused extensive attorneys fees for Kenneth Rapach which is still to be determined by the court. There is a willing buyer so the property should be sold now.

5. Realtors Thomas McKeever and Liberta Havel of Coldwell Banker who appointed by Court Order dated September 10, 2018 (redacted but an unredacted copy will be made available), attached here to as Exhibit B, should be used to sell the property at 280 Rocky Run Road, Glen Gardner as they have already been appointed by the court and have spent time and money showing the property.

6. The Buyer who contracted to buy the 107 Chipmunk Drive property should be permitted to complete the closing (if still interested). The Debtor stopped the Sale by filing this bankruptcy as her way to interfere with the court order. A Motion was pending in the Hunterdon County Court to enforce the Debtor to cooperate with the contract for sale and she filed this bankruptcy to stop the Motion against her.

7. The Debtor is misleading the Court. First, her non exempt equity is only half of the amount she has valued, because Kenneth Rapach is entitled to half of all properties. Second, She was not "awarded" the house. It was part of equitable distribution and part of the total equitable distribution including payments to both attorneys, payment to multiple other creditors, refinance, sale of all properties and protection of Mr. Rapach's credit. Third, Andrea Rapach cannot pay the mortgage payment late and pay the missing payment in the plan because that mortgage is jointly held with the ex-spouse Kenneth Rapach and her actions are negatively affecting his credit so she is violating a court order. Fourth, She was ordered to remove Kenneth Rapach's name from the Home Equity Loan by June 2019 in order to keep the property. She cannot use this bankruptcy to circumvent court orders where by she did not pay the mortgage and real estate taxes timely and affected Kenneth Rapach and she did not refinance timely.  She cannot refinance and, therefore,  the house in joint names located at 282 Rocky Run Road, Glen Gardner, NJ, needs to be sold. She is using this bankruptcy to delay the terms of the Judgment of Divorce.

IN SUMMARY, Kenneth Rapach objects to the plan because the confirmation of the plan will allow Andrea Rapach to circumvent the court order and not use the court appointed realtors and not sell the property to the buyer who is waiting to buy the property and not pay Daniel Tune and Natalee Picillo and other creditors pursuant to the judgment of divorce. This court should not change the equitable distribution of the parties.  Furthermore, the plan cannot be confirmed because Andrea Rapach lied in her bankruptcy petition and did not disclose that the properties are half owned by Kenneth Rapach. Her plan misrepresents to the trustee that she was entitled to these properties in the judgment of divorce without full disclosure that she must refinance in order to be entitled and that she must pay Kenneth Rapach, the children of the marriage (bank accounts), the attorney fees to Daniel Tune, Esq.  and Natalee Picillo, Esq. and must pay multiple other creditors that she does not list in her Petition.

/s/ Natalee Picillo
Natalee Picillo, Esq.
Attorney for creditor Kenneth Rapach

Dated: September 5, 2019